VERDIRAMO & VERDIRAMO, P.A.
3163 Kennedy Boulevard
Jersey City, New Jersey 07306
Ph: 201-798-7082
Fx: 201-798-4627
verdiramo@aol.com
Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRIPOINT GLOBAL EQUITIES, L.L.C., A Maryland limited liability company, in its capacity as collateral agent for CIP, L.L.C., a Kansas limited liability company and CARL W. GROVER, : | Case No.: 1:13-cv-1030 (DLC) |
| Plaintiffs, | |
| vs. | Civil Action |
| ANTONIO R. FASOLINO, FASOLINO FOODS USA, INC., FASOLINO FOODS CO., INC., FASOLINO ENTERPRISES, INC. and FASOLINO WINE & SPIRITS, INC., | **ANSWER, COUNTERCLAIM AND THIRD PARTY COMPLAINT** |
| Defendants. | |
| ANTONIO R. FASOLINO, FASOLINO FOODS USA, INC., FASOLINO FOODS CO., INC., FASOLINO ENTERPRISES, INC. and FASOLINO WINE & SPIRITS, INC., | |
| Third Party Plaintiffs, | |
| vs. | |
| CARL W. GROVER, WILLIAM MOORE, CIP, HUNTER, TAUBMAN AND WEISS, LLP, STEVEN WEISS, ESQ., AND SUNFLOWER CAPITAL, LLC, | |
| Third Party Defendants. | |

1

## NATURE OF ACTION

1.      To the extent that Plaintiff attempts to set the tone of it's pleading by the allegations contained in this paragraph one, Defendant's deny all allegations of wrongdoing set forth therein and leave the Plaintiff to it's proofs thereon.

2.      Plaintiff makes no allegation herein and therefore Defendants make no response thereto.

3.      Plaintiff makes no allegation herein and therefore Defendants make no response thereto. To the extent allegations of wrong doing attributable to Defendants are stated or inferred herein, same are denied.

## JURISDICTION AND VENUE

4.      Defendants deny this Court has Jurisdiction pursuant to 28 USC 1331 specifically because Plaintiff cannot proceed with a cause of action pursuant to 18 USC 1961-1968 as a matter of law, and thus no federal question is presented herein.

5.      Defendants admit the amount in controversy exceeds the threshold for jurisdiction pursuant to 28 USC 1332.  Plaintiff states that there is complete diversity of citizenship as required pursuant to 28 USC 1332(a)(3), and Defendants are without sufficient knowledge as to this issue.

6.      Plaintiff makes no allegation herein and therefore Defendants make no response thereto.

7.      Defendants admit the allegation of Plaintiff's paragraph 7.

## THE PARTIES

8.      Defendants neither admit nor deny the allegations of Plaintiff's paragraph 8 and

leave Plaintiff's to their proofs thereon.

9. Defendants neither admit nor deny the allegations of Plaintiff's paragraph 9 and leave Plaintiff's to their proofs thereon.

10. Defendants admit the allegation of Plaintiff's paragraph 10.

11. Defendants admit the allegation of Plaintiff's paragraph 11.

12. Defendants admit the allegation of Plaintiff's paragraph 12.

13. Defendants admit the allegation of Plaintiff's paragraph 13.

14. Defendants admit the allegation of Plaintiff's paragraph 14.

15. Defendants admit the allegation of Plaintiff's paragraph 15.

16. Defendants admit the allegation of Plaintiff's paragraph 16.

17. Defendants admit the allegation of Plaintiff's paragraph 17.

18. Defendants admit the allegation of Plaintiff's paragraph 18.

19. Defendants admit the allegation of Plaintiff's paragraph 19.

20. Defendants admit the allegation of Plaintiff's paragraph 20.

21. Defendants admit the allegation of Plaintiff's paragraph 21.

22. Defendants admit the allegation of Plaintiff's paragraph 22.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

**A.    The loan transactions.**

23. Defendants deny the allegations contained in Plaintiff's paragraph 23.

24. Plaintiff's paragraph 24 makes no allegations against Defendants and therefore Defendants make no response thereto.

25. As stated in Defendants answer to the Plaintiff's allegations set forth in paragraph

23 of Plaintiff's complaint, Defendants deny any "introduction" being made by Mr. Weiss on behalf of Defendants to Plaintiffs herein at any time and as such deny the allegations set forth in Plaintiff's paragraph 25.  Defendant does however admit that it was in need of financing for various business purposes, including but not limited to, intended although not finalized, sales to Costco Wholesale Corp, TJX , etc.

26.    As aforesaid, Defendants deny any "introduction" by " Weiss".  Defendants deny that the loan referenced in Plaintiff's paragraph 26 was the "original CIP loan" as there had been two loans prior to the referenced loan between CIP and some, but not all, of the Defendants. Insomuch as the allegations of said paragraph are factually incorrect, Defendants deny same.

27.    Defendants admit the allegations of Plaintiff's paragraph 27.

28.    Plaintiff's paragraph 28 makes no allegations against Defendants and therefore Defendants make no response thereto.

29.    Defendants are presently without knowledge of the various criteria Plaintiff's utilized in order to satisfy themselves and therefore must deny the allegations of Plaintiff's paragraph 29.

30.    Defendants admit the allegations of Plaintiff's paragraph 30.

31.    Plaintiff's paragraph 31 makes no allegations against Defendants and therefore Defendants make no response thereto.

32.    Plaintiff's paragraph 32 makes no allegations against Defendants and therefore Defendants make no response thereto.

4

33.   Plaintiff's paragraph 33 makes no allegations against Defendants and therefore Defendants make no response thereto.

34.   Defendants admit the allegations of Plaintiff's paragraph 34, assuming that Plaintiffs are referring to the wholesale value of said inventory.

35.   Defendants admit the allegations of Plaintiff's paragraph 35.

36.   Defendants admit the allegations of Plaintiff's paragraph 36.

37.   Defendants admit the allegations of Plaintiff's paragraph 37.

38.   Plaintiff's paragraph 38 makes no allegations against Defendants and therefore Defendants make no response thereto.

39.   Plaintiff's paragraph 39 makes no allegations against Defendants and therefore Defendants make no response thereto.

40.   Defendants deny the allegations of Plaintiff's paragraph 40.

41.   Defendants state that the Loan Agreement speaks for itself.  Defendant denies Plaintiffs' paragraph 41 to the extent that the loan proceeds were insufficient to accomplish all of the use of proceeds set forth and that this was acknowledged in the retention agreement.

42.   Defendants admit the allegations of Plaintiff's paragraph 42.

43.   Defendants admit the allegations of Plaintiff's paragraph 43.

44.   Defendants admit the allegations of Plaintiff's paragraph 44.

45.   Defendants admit the allegations of Plaintiff's paragraph 45.

46.   Defendants admit the allegations of Plaintiff's paragraph 46.

47.   Defendants deny the allegations of Plaintiff's paragraph 47.  Grover funded

$2,750,000, however, that amount was not received into the "Enterprise" account.

**B.      DEFENDANTS' FAILURE TO COMPLY WITH MONTHLY**

**REPORTING REQUIREMENTS RAISES CONCERNS.**

48.      Defendants admit the allegations of Plaintiff's paragraph 48 to the extent that the

loan document speaks for itself.  However, at closing Plaintiff was aware of the

fact that compliance was not possible due to damage suffered in Hurricane Sandy.

49.      Defendants are unable to respond to Plaintiff's state of mind as described herein.

Defendants deny the balance of the allegations contained in Plaintiff's paragraph

49.

50.      Defendants admit the allegations of Plaintiff's paragraph 50.

51.      Defendants admit the allegations of Plaintiff's paragraph 51.

52.      Defendants are unable to respond to Plaintiff's state of mind as described herein.

Defendants deny the balance of the allegations contained in Plaintiff's paragraph

52.

53.      Defendants are unable to respond to Plaintiff's state of mind as described herein.

Defendants deny the balance of the allegations contained in Plaintiff's paragraph

53.  Defendants further state that Plaintiffs were fully aware of Fasolino's practice

of inter company transfers, etc. prior to closing.

54.      Defendants admit the allegations of Plaintiff's paragraph 54.

55.      Defendants admit the first sentence of Plaintiff's Paragraph 55 and deny the

balance of the allegations contained therein.

56.      Defendants deny the allegations of Plaintiff's paragraph 56.

6

57.    Defendants admit the allegations of Plaintiff's paragraph 57 A, B, and C.

58.    Defendants admit the allegations of Plaintiff's paragraph 58 A, C, and D.

Defendant denies the allegation of Plaintiff's paragraph B as written but admit the

truth of the allegation contained therein on the date of December 10, 2012.

59.    Defendants admit the allegation of Plaintiff's paragraph 59.

60.    Defendants are unable to respond to Plaintiff's state of mind as described herein.

Defendants admit the sending of the wire and the writing of the checks referenced

in Plaintiff's paragraph 60. Defendants deny any inferred improper purpose.

61.    Defendants admit the first sentence of Plaintiff's Paragraph 61 and deny the

balance of the allegations contained therein.

62.    Defendants admit the allegations of Plaintiff's paragraph 62.

63.    Defendants admit the allegations of Plaintiff's paragraph 63.

64.    Defendants admit the allegations of Plaintiff's paragraph 64.

65.    Defendants are unable to respond to Plaintiff's state of mind as described herein.

Defendants deny the balance of the allegations contained in Plaintiff's paragraph

65.

66.    Defendants admit that the inventory value was restated to $20,545,701 and further

admit that the opening balance equity was restated.  Defendants deny the balance

of Plaintiff's paragraph 66.

67.    Defendants are unable to respond to Plaintiff's state of mind as described herein.

Defendants deny the balance of the allegations contained in Plaintiff's paragraph

67.

68.   Defendants deny the allegations of Plaintiff's paragraph 68.

69.   Defendants state that Plaintiff's exhibits W and X speak for themselves.
Defendants deny the balance of the allegations contained in Plaintiff's paragraph
69.

**C.   PLAINTIFF DISCOVERS THAT TWO OF THE THREE WAREHOUSES
DO NOT EXIST.**

70.   Plaintiff's paragraph 70 makes no allegations against Defendants and therefore
Defendants make no response thereto.

71.   Plaintiff's paragraph 71 makes no allegations against Defendants and therefore
Defendants make no response thereto.

72.   Defendants deny providing incorrect contact information to Plaintiff . The
balance of Plaintiff's paragraph 72 makes no allegations against Defendants and
therefore Defendants make no response thereto.

73.   Defendants deny all allegations of wrongdoing as recited in Plaintiff's paragraph
73.  Defendants make no response to Plaintiff's actions or state of mind.

74.   Plaintiff's paragraph 74 makes no allegations against Defendants and therefore
Defendants make no response thereto.

75.   Plaintiff's paragraph 75 makes no allegations against Defendants and therefore
Defendants make no response thereto.

76.   Defendants deny the allegations as set forth in Plaintiff's paragraph 76 as stated.

77.   Defendants deny the allegations as set forth in Plaintiff's paragraph 77 as stated.

78.   Plaintiff's paragraph 78 makes no allegations against Defendants and therefore

Defendants make no response thereto. To the extent that Plaintiff attempts herein to infer wrongdoing by Defendant by the allegation made herein, same is denied.

79.     Plaintiff's paragraph 79 makes no allegations against Defendants and therefore Defendants make no response thereto. To the extent that Plaintiff attempts herein to infer wrongdoing by Defendant by the allegation made herein, same is denied.

80.     Plaintiff's paragraph 80 makes no allegations against Defendants and therefore Defendants make no response thereto. To the extent that Plaintiff attempts herein to infer wrongdoing by Defendant by the allegation made herein, same is denied.

81.     Plaintiff's paragraph 81 makes no allegations against Defendants and therefore Defendants make no response thereto. To the extent that Plaintiff attempts herein to infer wrongdoing by Defendant by the allegation made herein, same is denied.

82.     Plaintiff's paragraph 82 makes no allegations against Defendants and therefore Defendants make no response thereto. To the extent that Plaintiff attempts herein to infer wrongdoing by Defendant by the allegation made herein, same is denied.

83.     Plaintiff's paragraph 83 makes no allegations against Defendants and therefore Defendants make no response thereto. To the extent that Plaintiff attempts herein to infer wrongdoing by Defendant by the allegation made herein, same is denied.

84.     Plaintiff's paragraph 84 makes no allegations against Defendants and therefore Defendants make no response thereto. To the extent that Plaintiff attempts herein to infer wrongdoing by Defendant by the allegation made herein, same is denied.

85.     Plaintiff's paragraph 85 makes no allegations against Defendants and therefore Defendants make no response thereto. To the extent that Plaintiff attempts herein

to infer wrongdoing by Defendant by the allegation made herein, same is denied.

86.   Plaintiff's paragraph 86 makes no allegations against Defendants and therefore Defendants make no response thereto. To the extent that Plaintiff attempts herein to infer wrongdoing by Defendant by the allegation made herein, same is denied.

87.   Plaintiff's paragraph 87 makes no allegations against Defendants and therefore Defendants make no response thereto. To the extent that Plaintiff attempts herein to infer wrongdoing by Defendant by the allegation made herein, same is denied.

88.   Plaintiff's paragraph 88 makes no allegations against Defendants and therefore Defendants make no response thereto. To the extent that Plaintiff attempts herein to infer wrongdoing by Defendant by the allegation made herein, same is denied.

**D.      MARCUM L.L.P. REJECTS FASOLINO AS A CLIENT.**

89.   Defendants admit the allegations of Plaintiff's paragraph 89.

90.   Plaintiff's paragraph 90 makes no allegations against Defendants and therefore Defendants make no response thereto. To the extent that Plaintiff attempts herein to infer wrongdoing by Defendant by the allegation made herein, same is denied.

91.   Defendants deny the allegations of Plaintiff's paragraph 91.

92.   Defendants admit the first sentence of Plaintiff's paragraph 92.  Defendants deny the balance of Plaintiff's paragraph 92.

93.   Plaintiff's paragraph 93 makes no allegations against Defendants and therefore Defendants make no response thereto. To the extent that Plaintiff attempts herein to infer wrongdoing by Defendant by the allegation made herein, same is denied.

10

## COUNT ONE

## VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT

## ORGANIZATION ACT 18 USC 1962 ( c)

94.   Defendants repeat and reallege their answers to Plaintiff's paragraphs 1-93 hereof as though set forth at length herein.

95.   Defendants deny the allegations of Plaintiff's paragraph 95.

96.   Defendants deny the allegations of Plaintiff's paragraph 96.

97.   Defendants deny the allegations of Plaintiff's paragraph 97.

98.   Defendants deny the allegations of Plaintiff's paragraph 98.

99.   Defendants deny the allegations of Plaintiff's paragraph 99.

100.   Defendants deny the allegations of Plaintiff's paragraph 100.

101.   Defendants deny the allegations of Plaintiff's paragraph 101.

**WHEREFORE,** Defendants demand Dismissal of Plaintiffs Count 1 in it's entirety.


## COUNT TWO

## VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT

## ORGANIZATION ACT 18 USC 1962 (d)

102.   Defendants repeat and reallege their answers to Plaintiff's paragraphs 1-101 hereof as though set forth at length herein.

103.   Defendants deny the allegations of Plaintiff's paragraph 103.

104.   Defendants deny the allegations of Plaintiff's paragraph 104.

105.   Defendants deny the allegations of Plaintiff's paragraph 105.

**WHEREFORE**, Defendants demand Dismissal of Plaintiff's Counts 1 and 2 in their entirety.

## COUNT THREE

### FRAUD

106.　Defendants repeat and reallege their answers to Plaintiff's paragraphs 1-105 hereof as though set forth at length herein.

107.　Defendants deny the allegations of Plaintiff's paragraph 107.

108.　Defendants deny the allegations of Plaintiff's paragraph 108.

109.　Defendants deny the allegations of Plaintiff's paragraph 109.

110.　Defendants deny the allegations of Plaintiff's paragraph 110.

111.　Defendants deny the allegations of Plaintiff's paragraph 111.

112.　Defendants deny the allegations of Plaintiff's paragraph 112.

113.　Defendants deny the allegations of Plaintiff's paragraph 113.

**WHEREFORE**, Defendants demand Dismissal of Plaintiff's Counts 1, 2 and 3 in their entirety.

## COUNT 4

### EQUITABLE FRAUD

114.　Defendants repeat and reallege their answers to Plaintiff's paragraphs 1-113 hereof as though set forth at length herein.

115.　Defendants deny the allegations of Plaintiff's paragraph 115.

12

116.   Defendants deny the allegations of Plaintiff's paragraph 116.

117.   Defendants deny the allegations of Plaintiff's paragraph 117.

**WHEREFORE**, Defendants demand Dismissal of Plaintiff's Counts 1, 2, 3 and 4 in their entirety.

## COUNT 5

## BREACH OF CONTRACT

118.   Defendants repeat and reallege their answers to Plaintiff's paragraphs 1-117 hereof as though set forth at length herein.

119.   Defendants deny the allegations of Plaintiff's paragraph 119 a-g.

120.   Defendants deny the allegations of Plaintiff's paragraph 120.

**WHEREFORE**, Defendants demand Dismissal of Plaintiff's Counts 1, 2, 3, 4 and 5 in their entirety.

## COUNT 6

## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

121.   Defendants repeat and reallege their answers to Plaintiff's paragraphs 1-120 hereof as though set forth at length herein.

122.   Defendants admit the allegations Plaintiff's paragraph 122.

123.   Defendants deny the allegations of Plaintiff's paragraph 123.

124.   Defendants deny the allegations of Plaintiff's paragraph 124.

13

**WHEREFORE**, Defendants demand Dismissal of Plaintiff's Counts 1, 2, 3, 4, 5 and 6 in their entirety.

## COUNT 7

## ANTICIPATORY BREACH

125.    Defendants repeat and reallege their answers to Plaintiff's paragraphs 1-124 hereof as though set forth at length herein.

126.    Defendants deny the allegations of Plaintiff's paragraph 126.

127.    Defendants deny the allegations of Plaintiff's paragraph 127.

128.    Defendants deny the allegations of Plaintiff's paragraph 128.

**WHEREFORE**, Defendants demand Dismissal of Plaintiff's Counts 1, 2, 3, 4, 5,6 and 7 in their entirety.

## COUNT 8

## CONVERSION

129.    Defendants repeat and reallege their answers to Plaintiff's paragraphs 1-128 hereof as though set forth at length herein.

130.    Defendants deny the allegations of Plaintiff's paragraph 130.

131.    Defendants deny the allegations of Plaintiff's paragraph 131.

**WHEREFORE**, Defendants demand Dismissal of Plaintiff's Counts 1, 2, 3, 4, 5,6,7 and 8 in their entirety.

## COUNT 9

## UNJUST ENRICHMENT

132.   Defendants repeat and reallege their answers to Plaintiff's paragraphs 1-131 hereof as though set forth at length herein.

133.   Defendants deny the allegations of Plaintiff's paragraph 133.

134.   Defendants deny the allegations of Plaintiff's paragraph 134.

**WHEREFORE**, Defendants demand Dismissal of Plaintiff's Counts 1, 2, 3, 4, 5,6, 7, 8 and 9 in their entirety.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Usury

## SECOND AFFIRMATIVE DEFENSE

Unclean Hands

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's own actions are the proximate cause of their own damages.

## FOURTH AFFIRMATIVE DEFENSE

Illegality

## FIFTH AFFIRMATIVE DEFENSE

Equitable Estoppel

## SIXTH AFFIRMATIVE DEFENSE

Legal Estoppel

15

## SEVENTH AFFIRMATIVE DEFENSE

Breach of Contract

## EIGHTH AFFIRMATIVE DEFENSE

Fraud

## NINTH AFFIRMATIVE DEFENSE

Conflict of Interest

## TENTH AFFIRMATIVE DEFENSE

Tortuous Interference with Economic Advantage

## COUNTERCLAIM

Defendants Antonio Fasolino, Fasolino Foods USA, Inc., Fasolino Foods Co., Inc.,

Fasolino Enterprises, Inc., and Fasolino Wine & Spirits, Inc., by way of Counterclaim against

Tripoint Global Equities, LLC, a Maryland limited liability company, in its capacity as collateral

agent for CIP, LLC, a Kansas limited liability company, and Carl W. Grover, state:

1.  At all relevant times hereto Defendant/Counterclaimant was a client of Plaintiff

    having been introduced to Plaintiff by David Fresne of Endeavor Group, LLC, a

    Connecticut limited liability company.  Mr. Fresne made the introduction to

    Tripoint during October 2012.

2.  According to Mr. Fresne, Tripoint was a financial company whose businesses

    included, but were not limited to, representing high net worth individuals in the

    connection with the making of private loans.

3.  As a result of this introduction, meetings were held between Defendant Fasolino

and principle of Tripoint, including Michael Boswell and Mark Elenowitz, Mr. Fasolino explained his needs for financing primarily to resolve issues for the retrofitting of certain olive oil production equipment located in Italy so as to service anticipated contracts with large retail distributors such as Target and Costco; a need for financing to resolve certain issues involving land located in Bayonne and Woodbridge, New Jersey; and other issues related to the operation of his various entities.

4.      In furtherance therewith, Tripoint tendered to Fasolino the engagement letter annexed to Plaintiffs' Complaint as Exhibit C.  Pursuant to said engagement agreement, Tripoint committed to undertake due diligence of Defendant's companies and to examine the market for the anticipated transaction and set forth the proposed compensation terms for such a transaction.  In order to perform its due diligence, should such transaction take place, Tripoint demanded a fee of $150,000 to perform said due diligence.

5.      Pursuant to said engagement letter, should a transaction take place, Tripoint demanded a 10 percent fee of the gross cash proceeds of the transaction as well as additional compensation for further financing, reimbursement for out of pocket expenses with a cap of $25,000 per transaction, etc.

6.      The engagement letter anticipated an initial closing of a minimum of $4,550,000 and a maximum of $7,300,000.  The engagement letter further contemplated a refinance of existing debt of $1.8 million and an additional cash investment of a minimum of $2,750,000 to a maximum of $5,500,000.  The engagement letter was

17

dated November 1, 2012 and anticipated a closing on or before November 15, 2012.

7. Additionally, the engagement letter anticipated a further refinancing transaction in addition to the initial financing for an anticipated $15 million financing, which anticipated taking out and retiring the initial credit financing contemplated by the agreement. The agreement also set forth the fees that would be earned as a result of the refinancing transaction which were essentially the same 10 percent of the transaction.

8. Within said document, although not explicitly stated, was the implied covenant of Tripoint that all transactions proposed by it or brought to the Defendants would be lawful transactions.

9. Fasolino was directed by Tripoint to engage the services of Steven Weiss, Esq., an attorney with the law firm of Hunter, Taubman, Weiss, LLP. Mr. Fasolino was advised that by using Mr. Weiss the transaction would "go smoothly".

10. It was never disclosed by Tripoint representatives or by Mr. Weiss that Mr. Weiss' law partner, Mr. Louis Taubman, was also a principle of Tripoint Capital Advisors, a sister/allied company of Plaintiff Tripoint Global Equity.

11. Upon information and belief, Tripoint Global Equity and Tripoint Capital Advisors share common office space, directors, principles, etc.

12. At no point was the relationship between the Hunter, Taubman, Weiss law firm and the Tripoint companies ever disclosed to Mr. Fasolino by anyone.

13. Subsequent to the execution of the engagement letter, numerous discussions,

18

negotiations, etc. commenced between Fasolino and Tripoint on behalf of the two lenders, CIP and Grover.  Fasolino was required to supply significant information and various disclosures to Tripoint as part of Tripoint's due diligence.  Each and every question or demand for documentation proposed by Tripoint was satisfied by Fasolino such that Tripoint secured lending from Grover.

14.    Fasolino had previously engaged in several transactions with CIP (which shall be fully explored in the Third Party Complaint hereto) and as such CIP was not brought to the transaction by Tripoint, but rather had been previously doing business with Fasolino through Fresne.

15.    Negotiations, document disclosures, due diligence, etc. took place from October through and including the date of November 14, 2012.  At all relevant times hereto, Fasolino was represented by Steven Weiss and believed that Steven Weiss was protecting his best interests.  Unbeknownst to Fasolino, Weiss was actually partners with a principle of the collateral agent.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

16.    Pursuant to the loan agreement (Exhibit D of Plaintiffs' Complaint), the loan agreement recited that the amount would be calculated by a recasting of the existing CIP loan and a new loan of $2,750,000 by Carl Grover.  Acting on behalf of the lenders, Plaintiff Tripoint was to administer said loans and the various reporting requirements in connection therewith.

17.    At all relevant times hereto, Fasolino supplied to the best of his ability all

requested documentation to the Plaintiffs.

18.    During the negotiations and during the initial due diligence, Tripoint was made fully aware of all of Fasolino's accounting practices, including, but not limited to, the use of corporate funds in the TD Ameritrade accounts that he maintained, the transference of money between various corporate accounts, etc.  At no time did Tripoint ever indicate that it or the lenders disproved of said practices, nor was it specified or required in the loan documents that these previously disclosed corporate practices would be required to cease pursuant to the Agreement.

19.    The Defendant complied with the use of proceeds requirement of the agreement and did transfer appropriate monies to effectuate the retrofit of the olive oil equipment.

20.    The Plaintiffs failed to properly administer the loan, did not understand Defendants' accounting and management methodology, and otherwise acted improperly in declaring the loan in default.

**WHEREFORE**, Defendant demands judgment against Plaintiffs for:

    a)    Compensatory damages;

    b)    Consequential damages;

    c )    Disgorgement of fees;

    d )    Costs of suit;

    e)    Attorneys' fees; and

    f)    Such other relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION

## ANTICIPATORY BREACH

21.     Defendants repeat and reallage all of the allegations contained within the First

Cause of Action of Defendants' Counterclaim as if set forth at length herein.

22.     During the course of the negotiations between the parties, Plaintiffs were well

aware of Defendants' need to refinance the Woodbridge properties with the intent

that said refinance would yield sufficient sums to retire the indebtedness to the

lenders in the within transaction.  In point of fact, right up to the moment that

Plaintiffs filed the within action, Plaintiffs were working with the Defendants

toward the aforesaid refinance of the Woodbridge property.  Additionally,

discussions were being had between the Defendants and Plaintiffs to obtain even

further financing so as to expand marketing and production efforts and pursue

other business ventures.

23.     Rather than assist the Defendants with regard to the anticipated refinance of the

Woodbridge property so as to satisfy the within indebtedness, the Plaintiffs, by

filing the within action, brought those refinance efforts to a sudden and extremely

damaging halt.

24.     But for the actions of the Plaintiffs herein, Defendant would have refinanced the

Woodbridge property in a timely fashion and would have been able to satisfy the

within lenders indebtedness by the due date of March 15, 2013.

25.     The Plaintiffs' actions in this matter are the proximate cause of any and all

damages that they and the respective lenders have suffered in this matter in that the

21

Plaintiffs' actions frustrated the Defendants' purposes of refinancing and obtained the appropriate funding to satisfy the indebtedness due the Plaintiffs' herein.

26.     Plaintiffs acted precipitously in filing the within action and willfully acted in such manner as to frustrate Defendants' ability to make payment as required herein and tortuously inferred with Defendants' business relationships.

WHEREFORE, Defendant demands judgment against Plaintiffs for:

    a)     Compensatory damages;

    b)     Disgorgement of fees;

    c )    Costs of suit;

    d)     Attorneys' fees; and

    e)     Such other relief as the Court deems just and proper.

### THIRD CAUSE OF ACTION

27.     Defendants repeat and reallage all of the allegations contained within the First and Second Causes of Action of Defendants' Counterclaim as if set forth at length herein.

28.     The Plaintiffs working together with Third Party Defendants CIP, William Moore, Carl Grover, Steven Weiss, and others acted on concert with each to effectuate the initial financing in this matter for the sole purpose of obtaining the large fees which were generated for each of them by the transaction.

29.     As part and parcel of the within transaction, Plaintiffs caused Defendants to execute documents allegedly as security for the repayment of said loans which taken together amount to a taking of all of the assets of the various Defendants.

22

30.     The anticipatory breach of the agreement between the parties by the filing of the within lawsuit by the Plaintiffs herein were part of a design amongst the Plaintiffs and the Third Party Defendants to seize the assets of the Defendants for their own enrichment.

31.     As a direct and proximate result of the aforesaid anticipatory breach of the agreement by the Plaintiffs and the Third Party Defendants, these Defendants have been denied the benefit of their bargain and have suffered material damages in an amount to be determined.

**WHEREFORE**, Defendant demands judgment against Plaintiffs for:

      a)      Compensatory damages;

      b)      Consequential damages;

      c )      Disgorgement of fees;

      d)      Costs of suit;

      e)      Attorneys' fees; and

      f)      Such other relief as the Court deems just and proper.

## THIRD PARTY COMPLAINT

Defendants Antonio Fasolino, Fasolino Foods USA, Inc., Fasolino Foods Co., Inc., Fasolino Enterprises, Inc., and Fasolino Wine & Spirits, Inc., by way of Third Party Complaint against Third Party Defendants Carl W. Grover, William Moore and CIP, Hunter, Taubman, LLP and Weiss, Steven Weiss, Esq. and Sunflower Capital, LLC, states:

## FIRST COUNT

1.   Defendants repeat and reallage all of the allegations contained within paragraphs 1 through 31 of the Counterclaim herein.

2.   As previously stated in the Answer and Counterclaim herein, Weiss was introduced to Fasolino by Plaintiff Tripoint and Fasolino was "advised" that in order to make the transaction "go smoothly", that he was required to use Mr. Weiss.

3.   Steven Weiss is partners with Hunter, Taubman, Weiss, LLC.  Louis Taubman is a principle of Tripoint Capital Partners and a shareholder of Tripoint Global Equities.  Tripoint Global Equities is a related company to Tripoint Global Equity. At no time did either Weiss or any representative of Tripoint Global Equity ever advise Fasolino that they were related or in any way involved with each other.

4.   Weiss had a clear conflict of interest in that he was the partner with the principles of Tripoint, with whom he was allegedly engaged in negotiations on behalf of his client, in violation of RPC 1.7, RPC 1.8 and RPC 1.10, that was negotiating against allegedly on behalf of his client.

5.   The true nature of these negotiations was to construct a transaction so as to allegedly attempt to avoid appropriate usury laws in the State of New York and elsewhere without Fasolino's knowledge.  Weiss failed to render appropriate advice to his client Fasolino and further failed to protect the interests of Fasolino in connection with the within transaction.

6.   Weiss held himself out to be a skilled, competent attorney with experience in transactions such as presented herein.

7. Fasolino relied in all respects upon the undivided skills, loyalty and fidelity of his attorney Steven Weiss in representing his interests in the within transaction. Fasolino relied upon the skills of Weiss to protect his interests in the within transaction.

8. Having undertaken to represent Fasolino, Weiss was obliged to fulfill a duty of absolute good faith and loyalty. He was required to represent Fasolino with competence, RPC 1.1, diligence, RPC 1.3, and to communicate to Fasolino all information which was required to enable Fasolino to make appropriate decisions, concerning the within transaction, RPC 1.4.

9. By of example, and not by way of limitation, Weiss did (or failed to do as the case may be) the following:

   a. He failed to advise he was partners with the collateral agent charged with the due diligence in the within transaction and with the management of the transaction post closing.

   b. He failed to negotiate on behalf of Fasolino a more realistic fee structure for the within transaction.

   c. He failed to negotiate on Fasolino's behalf with regard to the usurious interest rates that were charged in the within transaction.

   d. He failed to advise Fasolino that as Fasolino was an individual borrower in these transactions that these interest rates being charged were usurious and contrary to New York Criminal Law.

   e. He failed to negotiate on Fasolino's behalf with regard to the structure of

the transaction so as to insure that the transaction complied with New York Civil and Criminal Law.

f.    He actively engaged in negotiations with the opposite side of the transactions in an effort to skirt and avoid appropriate protections for his own client pursuant to the appropriate New York Usury Laws.

g.    He failed to explain the loan documents in a full and complete fashion to Fasolino and failed to advise Fasolino that by virtue of the agreements entered into and the various security arrangements related thereto that he was in fact pledging all assets of all of the related parties.

h.    He failed to insure and verify that Fasolino fully understood all of the mechanics of the transaction.

i.    He failed to exercise a reasonable duty of care for an attorney similarly situated representing a borrower in such transaction as set forth herein.

10.    The conduct of Weiss as set forth hereinabove by way of illustration, and not by way of limitation, was both negligent and a breach of express and implied contracts with Fasolino to provide appropriate, diligent, competent, and efficient legal services in accordance within accepted standards of attorney practice.

**WHEREFORE,** Defendants/Counterclaimants/Third Party Plaintiffs demands judgment against Steven Weiss for:

a)    Compensatory damages;

b)    Interest;

c )    Disgorgement of all fees paid to any party in connection with said usurious

Notes;

d )     Attorneys' fees;

e)     Costs of suit; and

f)     Such damages as are permitted including fee disgorgement and fee and cost

shifting.

## SECOND COUNT

11.     Defendants/Counterclaimants/Third Party Plaintiffs repeat and reallage all of the

allegations contained within the Counterclaim and the First Count of this Third

Party Complaint as if set forth at length herein.

12.     At all times relevant hereto, Steven Weiss was a partner at Hunter, Taubman and

Weiss, LLP.  As such, Hunter, Taubman and Weiss, LLP are responsible for the

actions of their partner, agent, employee, servant.

13.     All damages suffered by the Defendants herein, occasioned by the actions of Weiss

are attributable to Hunter, Taubman and Weiss under the Doctrine of Respondeat

Superior.

**WHEREFORE**, Defendants/Counterclaimants/Third Party Plaintiffs demands judgment

against Steven Weiss for:

a)     Compensatory damages;

b)     Interest;

c)     Disgorgement of all fees paid to any party in connection with said usurious

Notes;

d )     Attorneys' fees;

27

e)    Costs of suit; and

f)    Such damages as are permitted including fee disgorgement and fee and cost shifting.

## THIRD COUNT

14.    Defendants/Counterclaimants/Third Party Plaintiffs repeat and reallage all of the allegations contained within the Counterclaim and the First and Second Counts of this Third Party Complaint as if set forth at length herein.

15.    At all times relevant hereto CIP is a corporation located in Kansas. Upon information and belief, its principle shareholder is William Moore. Moore and CIP were introduced to Fasolino by Fresne in the summer of 2012. On August 6, 2012 Moore loaned to Fasolino, Fasolino Foods Co., Inc. And Fasolino Foods USA, Inc. in the amount of $150,000 with $275,000 due on October 5, 2012 date. This repayment translates to an effective rate of interest of 500 percent. The Note recites that it was subject to the laws of the State of Kansas, however no part of the transaction took place in the State of Kansas and all documents were executed in the State of New Jersey and all monies were delivered to the State of New Jersey.

16.    The State of Kansas does not have a corporate usury law, however, it does have a usury law applicable to individuals. Pursuant to the law of the State of Kansas and the laws of the State of New Jersey and New York, the loan to co-borrower Antonio Fasolino, as an individual, is clearly a usurious loan.

17.    The initial loan was subsequently replaced on August 31, 2012 by a second loan between CIP and Fasolino, et als. wherein the amount of indebtedness was raised

to $1,375,000 with a repayment of $2,250,000.  Said Note became due and payable on November 6, 2012 and bore an effective rate of interest in the amount of 254 percent.

18.   Said rate of interest on the second loan is clearly usurious.  Antonio Fasolino was a borrower, together with a corporate entity in the second loan.  Said loan as applies to Antonio Fasolino individually is clearly usurious under the laws of Kansas, New Jersey and New York and therefore a choice of all provision is irrelevant as to the enforceability of said Note as against Antonio Fasolino.

19.   With regard to the transaction before the Court, during the negotiation of said loan, Moore demanded a payment of $375,000 in order to extend the second loan and make it part of the loan package which formed the loan term agreement of November 14, 2012.

20.   Representatives of Grover rejected Moore's demand for payment in the making of said loan.

21.   Moore, subsequent to his payment demands being rejected by Grover, contacted Fasolino and demanded that Fasolino agree to pay him the additional $375,000 in return for extending the loan in the amount of $2,250,000.  Moore proffered another entity, Third Party Defendant Sunflower Capital, LLC, Sunflower Capital had no connection whatsoever to any of the transactions other than being proffered by Moore as a vehicle for Moore to extort an additional $375,000 from Fasolino in return for making said Note.

22.   Desperate for funds, Fasolino agreed to pay Sunflower Capital the $375,000 in

connection with Moore making the Note.

23.     The within Note for the final transaction with CIP recites that said Note is
governed by the laws of the State of New York. Antonio Fasolino is an individual
borrower in said transaction. Said transaction is less than $2,500,000 and therefore
is subject to New York State Civil and Criminal Usury Laws as same are applied to
individuals.

24.     The effective rate of interest in the within Note to CIP before the Court in this
matter exceeds the allowable interest rate. The interest rate in the within Note
amount of 45 percent interest per annum. As such, said Note violates New York
State Criminal and Civil Usury Laws as applied to individuals and is void ab initio
pursuant to New York State Case Law as applied to Antonio Fasolino individually.

**WHEREFORE**, Defendants/Counterclaimants/Third Party Plaintiffs jointly and severly
demand judgment against CIP declaring:

a).     The Note in question to be void and declaring that no part of either the
principle or interest due thereunder is now due to the holder of said Notes,
CIP.

b)      Judgment against Moore for disgorgement of all previously paid interest to
Moore as a result of payments made pursuant to these usurious Notes.

c )     Disgorgement of all fees paid to any party in connection with said usurious
Notes.

d)      Compensatory damages.

e)      Consequential damages.

30

f)      Attorneys's fees.

g)      Costs of suit.

h)      Such relief as this Court deems equitable and just.

I)      An Order of the Court declaring that any payments allegedly due to

Sunflower Capital are null and void.

### FOURTH COUNT

25.     Defendants/Counterclaimants/Third Party Plaintiffs repeat and reallage all of the

allegations contained within the Counterclaim and the First, Second and Third

Counts of this Third Party Complaint as if set forth at length herein.

26.     Sunflower Capital, LLC, upon information and belief, being wholly owned by

William  Moore, is a corporation having nothing to do with the within transaction.

27.     Sunflower Capital, LLC, at no time rendered any services whatsoever nor

performed any consulting services as listed in the purported agreement between

Sunflower Capital and Fasolino.

28.     Sunflower Capital, LLC, is interposed into the within transaction by Moore solely

for the purpose of extorting monies from Fasolino in an effort to secure Moore's

agreement to extend usurious credit to Fasolino as aforesaid.

**WHEREFORE,** Defendants/Counterclaimants/Third Party Plaintiffs jointly and severly

demand judgment against Moore and Sunflower Capital for:

a)      Disgorgement of fees;

b)      A judgment declaring any and all monies allegedly due to Sunflower

Capital to be null and void;

31

     c )     Compensatory damages;

     d)     Consequential damages;

     e)     Attorneys' fees;

     f)     Costs of suit; and

     g)     Such other relief as this Court will deem equitable and just.

## FIFTH COUNT

29.     Defendants/Counterclaimants/Third Party Plaintiffs repeat and reallege all of the allegations contained within the Counterclaim and the First, Second, Third and Fourth Counts of this Third Party Complaint as if set forth at length herein.

30.     At all times relevant hereto, Grover was introduced to the transaction by Tripoint. Tripoint, in an effort to reap greater fees from the transaction, convinced Grover to lend $2,750,000 to the Fasolino entities.

31.     Upon information and belief, it was further the objective of Tripoint, Moore, Grover and Weiss to raise the gross amount loaned to Fasolino to reap greater fees on behalf of themselves and also to place the gross loan amount above the threshold for loans so as to escape the protection to debtors afforded by the New York State Usury Laws.

32.     After all fees were taken by the various parties in the transaction, the loan from Grover only netted to Fasolino the sum of $2,257,500.  This net amount after fees is below the New York State threshold for protection under the New York Usury laws.

33.     The Third Party Defendants Tripoint, Grover, Weiss and others conspired to

structure the transaction in such as way, they believed, to avoid New York State Usury Laws.

34.     The structure of the loan as aforesaid was an artifice constructed by the various Third Party Defendants and Plaintiff so as to reap the greatest amount of fees on their behalf and at the same time attempt to avoid usury laws.

35.     As a result thereof, Plaintiff and Third Party Defendants are the beneficiaries of the usurious loan under New York State Law.

**WHEREFORE,** Defendants/Counterclaimants/Third Party Plaintiffs jointly and severly demand judgment:

a)      Declaring the Grover Note to be null and void;

b)      Compensatory damages;

c )     Consequential damages;

d)      Disgorgement of all fees paid to any party in connection with said usurious Notes.

e)      Attorneys' fees;

f)      Costs of suit; and

g)      Such other relief as this Court will deem equitable and just.

## SIXTH COUNT

36.     Defendants/Counterclaimants/Third Party Plaintiffs repeat and reallage all of the allegations contained within the Counterclaim and the First, Second, Third, Fourth and Fifth Counts of this Third Party Complaint as if set forth at length herein.

37.     Due to Weiss' inherent conflict of interest and the actions taken together between

Weiss and Tripoint, the Fasolino Defendants are entitled to judgment as a matter of law declaring the entire transaction to be null and void.

38.     Any and all damages suffered by Moore and Grover are as a result of their own actions working in concert with Tripoint and/or Steven Weiss and/or the Hunter, Taubman, Weiss Law Firm.

39.     The Fasolino Defendants should be indemnified from any claim of damages from Moore and/or Grover and/or Tripoint as a result of the actions of the responsible parties to indemnify same.

**WHEREFORE,** Defendants/Counterclaimants/Third Party Plaintiffs jointly and severly demand judgment:

       a)      Declaring the entire transaction between the parties null and void;

       b)      Awarding Defendants compensatory damages;

       c )     Consequential damages;

       d)      Disgorgement of all fees paid to any party in connection with said usurious Notes;

       e)      Attorneys' fees;

       f)      Costs of suit; and

       g)      Such other relief as this Court will deem equitable and just.

## SEVENTH COUNT

40.     Defendants/Counterclaimants/Third Party Plaintiffs repeat and reallage all of the allegations contained within the Counterclaim and the First, Second, Third, Fourth, Fifth and Sixth Counts of this Third Party Complaint as if set forth at length herein.

41.   Each of the loans recited herein should be viewed by this Court as a separate transaction subject to the appropriate Usury Laws.

42.   The loans in question were aggregated by Tripoint and the lenders so as to attempt to avoid Usury Laws.  However, the Usury Laws exists for the protection of borrowers similarly situated to the individual Defendant Fasolino herein.

43.   Because of the action of the Plaintiffs and the Third Party Defendants, the Fasolino Defendants have been damaged.

**WHEREFORE**, Defendants/Counterclaimants/Third Party Plaintiffs jointly and severly demand judgment:

    a)   Voiding the respective Notes entered into by the parties hereto;

    b)   Compensatory damages;

    c)   Consequential damages

    d)   Disgorgement of all fees paid to any party in connection with said usurious Notes;

    e)   Attorneys' fees;

    f)   Costs of suit; and

    g)   Such other relief as this Court will deem equitable and just.

## DESIGNATION OF TRIAL COUNSEL

Vincent S. Verdiramo is hereby designated trial counsel on behalf of the Defendants.

## JURY DEMAND

**PLEASE TAKE NOTICE** that the Defendants hereby demand a trial by jury on all

issues so triable.

**VERDIRAMO & VERDIRAMO, P.A.**
3163 Kennedy Boulevard
Jersey City, New Jersey 07306
Phone: 201-798-7082
Fax: 201-798-4627
email: verdiramo@aol.com
Attorneys for Defendants

By: _____

Vincent S. Verdiramo

Dated: 3/20/13

36