UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
TRIPOINT GLOBAL EQUITIES, L.L.C., A
Maryland limited liability company, in its capacity
as collateral agent for CIP, L.L.C., a Kansas limited          Case No.1:13-cv-1030 (DLC)
company and CARL W. GROVER,

                Plaintiff,

    -against-

ANTONIO R. FASOLINO, FASOLINO FOODS
USA, INC, FASOLINO FOODS CO., INC.,
FASOLINO ENTERPRISES, INC. and
FASOLINO WINE & SPIRITS, INC.,

               Defendants,
-----------------------------------------------------------------x
ANTONIO R. FASOLINO, FASOLINO FOODS
USA, INC, FASOLINO FOODS CO., INC.,
FASOLINO ENTERPRISES, INC. and
FASOLINO WINE & SPIRITS, INC.,

           Third-Party Plaintiffs,

    -against-

CARL W. GROVER, WILLIAM MOORE, CIP,
HUNTER, TAUBMAN AND WEISS, LLP.,
STEVEN WEISS, ESQ., AND SUNFLOWER
CAPITAL, LLC.,

          Third-Party Defendants.

-----------------------------------------------------------------x

MEMORANDUM OF LAW OF THIRD-PARTY DEFENDANTS'
HUNTER , TAUBAM AND WEISS AND STEVEN WEISS, ESQ. IN SUPPORT
OF THEIR MOTION FOR AN ORDER PURSUANT TO FRCP 12(b)(6) and
FRCP 14(a) TO DISMISS THE THIRD-PARTY COMPLAINT AS
ASSERTED AGAINST THEM

               Barry Jacobs, Esq.
               ABRAMS, GORELICK, FRIEDMAN &
               JACOBSON, LLP
               Attorneys for Third-Party Defendants
               Hunter, Taubman & Weiss and Steven Weiss, Esq.
               One Battery Park Plaza -4th Floor
               New York, New York  10004
               (212) 422-1200

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.............................................................................ii

PRELIMINARY STATEMENT.......................................................................1
    BACKGROUND.......................................................................................2
    LITIGATION HISTORY..........................................................................5
    THE HTW AND WEISS MOTION.............................................................8

LEGAL ARGUMENT..................................................................................8

    POINT I
    THE THIRD-PARTY COMPLAINT FAILS TO COMPLY WITH RULE 14 AND
    MUST BE DISMISSED...........................................................................8

    POINT II
    RULE 12(b)(6) REQUIRES THAT HTW'S AND WEISS'S
    MOTION TO DISMISS BE GRANTED......................................................10

    POINT III
    AS A MATTER OF LAW, THIRD-PARTY PLAINTIFFS CANNOT
    MAKE OUT A PRIMA FACIE CASE OF MALPRACTICE ..............................11

    POINT IV
    ABSENT THE ELEMENTS OF ATTORNEY NEGLIGENCE, CAUSATION AND
    ACTUAL DAMAGES, A PURPORTED CONFLICT OF INTEREST IS
    INSUFFICIENT TO ESTABLISH A CLAIM FOR LEGAL MALPRACTICE..........13

    POINT V
    TO THE EXTENT THAT THE THIRD-PARTY ACTION ALLEGES BREACH OF
    CONTRACT AGAINST HTW AND WEISS, IT MUST BE DISMISSED...............14

    POINT VI
    TO THE EXTENT THAT THE THIRD-PARTY ACTION AGAINST HTW AND
    WEISS IS PREDICATED UPON A CLAIM OF CIVIL CONSPIRACY,
    THOSE CLAIMS MUST BE DISMISSED BECAUSE NEW YORK DOES NOT
    RECOGNIZE THE TORT OF CIVIL CONSPIRACY.......................................15

    POINT VII
    SINCE THE CLAIMS AGAINST HTW AND WEISS ARE ALLEGED TO
    ARISE OUT OF THE LOAN DOCUMENTS AND SINCE PLAINTIFF HAS
    CONFESSED JUDGMENT BASED ON DEFAULT IN PAYMENT, THE
    CONFESSION OF JUDGMENT ACTS AS A *RES JUDICATA* BAR TO THE
    THIRD-PARTY ACTION AS ASSERTED AGAINST HTW AND WEISS..............16

CONCLUSION.........................................................................................18

# TABLE OF AUTHORITIES

## FEDERAL CASES

Amalgamated Sugar Co., LLC. v. NL Ind., Inc.
825 F.2d 634 (2nd Cir. 1987)...................................................................16

Ashcroft v. Iqbal
556 U.S.662 (2009).............................................................................10

Bell Atl. Corp. v. Twombly
550 U.S.544 (2007).............................................................................10

D'Jamoos v. Griffith
340 Fed.Appx.737 (2d Cir. 2009)...........................................................12

Joseph Delgreco & Company, Inc. v. DLA Piper LLP
(U.S.) 889 F.Supp.2d 268 (S.D.N.Y., 2012)..............................................12

Gabriel Capital, L.P. v. NatWest Fin., Inc.
137 F.Supp.2d 251 (S.D.N.Y. 2000)..........................................................8

Gianatasio v. D'Agostino
862 F.Sup.2d 843 (S.D.N.Y. 2012)..........................................................17

Hoffenberg v. Hoffman & Pollack
288 F.Sup. 2d 257 (S.D.N.Y. 2003)..........................................................17

Kassner v. 2nd Ave. Delicatessen, Inc.
496 F.3d 229 (2d Cir. 2007)..................................................................10

Leventhal & Company v. Joyner Wholesale Company
736 F.2d 29 (2d Cir. 1984).....................................................................9

Trautenberg v. Paul, Weiss, Rifkind, Wharton & Garrison, LLP.
629 F.Sup. 2d 259 (2nd Dept. 2002).........................................................13

Unilease Computer Corp. v. Major Computer, Inc.
126 F.R.D. 490 (S.D.N.Y. 1989)...............................................................8

## STATE CASES

Aprea v. New York State Board of Elections
103 A.D.3d 1059 (3rd Dept. 2013).............................................................16

Decker v. Nagel Rice, LLC
    2010 WL234 6608 (S.D.N.Y. 2010)……………………………………………11

Empire One Telecommunications, Inc. v. Verizon New York, Inc.
    888 N.Y.S.2d 714 (N.Y. Sup. 2009)……………………………………………..14

Hoeffner v. Ornick, Herrington & Sutcliffe, LLP
    85 A.D.3d 457 (1st Dept. 2010)……………………………………………16

Murray Hill Inves. v. Parker Chapin Flattau & Klimpl, LLP
    305 A.D.2d 228 (1st Dept. 2003)……………………………………………14

Pacesetter Communications Corp. v. Solin & Breindel
    150 A.D.232 (1st Dept. 1989)……………………………………………15

Robinson v. Day
    103 A.D.3d 584 (1st Dept. 2013)……………………………………………16

Waggoner v. Caruso
    14 N.Y.3d 874 (2010)……………………………………………14

Weil Gotshal & Manges, LLP v. Fashion of Short Hills, Inc.
    10 A.D.3d 267 (1st Dept. 2004)……………………………………………14

## OTHER SOURCES

FRCP 12(b)(6) ……………………………………………1, 6, 7, 8

FRCP 14(a) ……………………………………………1, 6, 7, 8

3 Moore's Federal Practice, §14.04……………………………………………9

3 Moore's Federal Practice, §14.52(3)……………………………………………9

Full Faith and Credit Clause of the United States Constitution Art. IV, §1………………………..17

Federal Full Faith and Credit Statute, 28 U.S.C. §1783……………………………………………17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

TRIPOINT GLOBAL EQUITIES, L.L.C., A
Maryland limited liability company, in its capacity
as collateral agent for CIP, L.L.C., a Kansas limited       Case No.1:13-cv-1030 (DLC)
company and CARL W. GROVER,

                    Plaintiff,

    -against-

ANTONIO R. FASOLINO, FASOLINO FOODS
USA, INC, FASOLINO FOODS CO., INC.,
FASOLINO ENTERPRISES, INC. and
FASOLINO WINE & SPIRITS, INC.,

                  Defendants,
-------------------------------------------------------------x

ANTONIO R. FASOLINO, FASOLINO FOODS
USA, INC, FASOLINO FOODS CO., INC.,
FASOLINO ENTERPRISES, INC. and
FASOLINO WINE & SPIRITS, INC.,

                Third-Party Plaintiffs,

    -against-

CARL W. GROVER, WILLIAM MOORE, CIP,
HUNTER, TAUBMAN AND WEISS, LLP.,
STEVEN WEISS, ESQ., AND SUNFLOWER
CAPITAL, LLC.,

                Third-Party Defendants.

-------------------------------------------------------------x

## PRELIMINARY STATEMENT

      Defendants, HUNTER, TAUBMAN AND WEISS, LLP. (hereinafter "HTW") and

STEPHEN WEISS, ESQ. (hereinafter "WEISS") submit this Memorandum of Law in support of

their motion, pursuant to FRCP 12(b)(6) and FRCP 14(a) and seek an Order from this Court

dismissing the Third-Party Complaint as asserted against them, with prejudice. This motion is

timely. A Stipulation between the parties, "So Ordered" by the Court on June 18, 2013, and filed

on June 19, 2013 (Docket No. 51), extended the time of HTW and WEISS to make a motion

with relation to the Third-Party Summons or to the Third-Party Complaint up to and including

July 12, 2013. Based on the contents of this Memorandum and the Exhibits attached to the

Jacobs Certification, concurrently served with this Memorandum and in support of the instant

motion, it is respectfully submitted that the motion should be granted in its entirety, and an Order

entered dismissing the Third-Party Complaint, as asserted against HTW and WEISS, with

prejudice.

## **BACKGROUND**

The facts of this case are already well-known to this Court, having been spelled out in

great detail by co-Third-Party Defendants, MOORE, CIP, and SUNFLOWER in their initial

motion to dismiss the original Third-Party Complaint (Docket Nos. 32-33), and their renewed

motion seeking the same relief (Docket Nos. 40-41). MOORE, CIP and SUNFLOWER renewed

their motion once Third-Party Plaintiffs filed an Amended Answer, Counterclaims and Third-

Party Complaint. (Docket No.:39). A briefing schedule for that motion has been established by

the Court (Docket No.51), by which opposition to MOORE, CIP and SUNFLOWER's motion is

due on July 12 and Third-Party Plaintiffs' Reply is due July 22.

An attorney-client relationship between Third-Party Plaintiffs and HTW and WEISS was

created when HTW was retained by Third-Party Plaintiffs on October 3, 2012. A copy of the

retainer is attached to the Jacobs Certification as Exhibit "A". HTW resigned on February 6,

2013. A copy of the letter of resignation is attached to the Jacobs Certification as Exhibit "B".

The grounds for the termination of the attorney-client relationship was HTW and WEISS's

discovery that Third-Party Plaintiffs had provided misinformation to them, and had misrepresented their assets which constituted the collateral for the funds that had been lent to them.

The second paragraph of the October 3, 2012 letter of engagement outlines the Scope of the Engagement as follows:

> **Scope of the Engagement.** We have agreed that at present our engagement involves assisting you in connection with the foregoing (the "**Engagement**"). In connection with the Financing, our services will include (i) using our best efforts to introduce you to one or more financing sources or their intermediaries, (ii) review and negotiation of all loan documents, and (iii) legal due diligence.
>
> We will, of course, keep you fully informed of the progress of the above Engagement, and be available to respond to your questions. To enable us to represent you effectively, you agree to cooperate fully with us and to provide promptly all information we believe to be relevant to our representation.

TRIPOINT was engaged by the Fascolino Entities to act as the placement agent to arrange for financing for the Fasolino Companies on terms agreeable to the FASOLINO Entities and TRIPOINT. Attached as Exhibit "C" to the Jacobs Certification is a copy of that Agreement. A Term Loan Agreement dated November 14, 2012 was entered into between CIP (FASOLINO's principal lender) and the FASOLINO Entities. This Agreement outlined the details of the financing arrangement. A copy of the November 14, 2012 Term Loan Agreement is attached to the Jacobs Certification as Exhibit "D". Part of the deal was that FASOLINO agreed to execute a Confession of Judgment as protection for the lenders should FASOLINO default on the loan. A copy of the Confession of Judgment executed by FASOLINO and the multiple Fasolino Companies is attached to the Jacobs Certification as Exhibit "E". The maximum principal amount of the loan was a ceiling of $7.75 million. As it turned out, Mr. FASOLINO executed two promissory notes in accordance with the November 14, 2012 Term

Loan Agreement, totaling $5.0 million, documenting his promise to pay. The first was in the amount of $2.75 million. The second was in the amount of $2.25 million. Attached collectively to the Jacobs Certification as Exhibit "F" are copies of the promissory notes.

Cutter Doc Properties, LLC, ARF Realty Management and Euro-American Food Group were guarantors of the loans, and executed a Guaranty Agreement in favor of the lenders identified in the November 14, 2012 Term Loan Agreement. Attached as Exhibit "G" to the Jacobs Certification is a copy of that Agreement. All signed an Affidavit of Confession which was sworn to on November 30, 2012, which authorized the entry of Judgment in New York County, and Confessed Judgment in that Court in favor of CIP, LLC and Grover in the amount of $5 million plus interest. A copy of the Affidavit of Judgment by Confession is attached to the Jacobs Certification as Exhibit "H". Judgment was entered and filed in the Supreme Court of the State of New York, County of New York on May 6, 2013. A copy of the Judgment and papers upon which it was based are collectively attached to the Jacobs Certification as Exhibit "I".

Counsel for plaintiffs has also taken the steps necessary to record the Judgment in the State of New Jersey. Copies of the papers filed by counsel in support of the application to record the New York Judgment in New Jersey are attached to the Jacobs Certification as Exhibit "J".

The posture of the case when it hits the docket of this Court is such that plaintiffs have a Confession of Judgment for the unpaid principal in the amount of $5 million plus interest as of March 15, 2013, the date of the default, for an aggregate judgment in the amount of $5,178,307.19. Although HTW and WEISS represented the FASOLINO Entities for a very short period of time, in the Third-Party Action brought against them by the FASOLINO Entities, somehow Third-Party Plaintiffs claim that they were proximately caused harm by the professional negligence of HTW and WEISS. For the reasons that will become crystal clear in

the following portions of this Memo, HTW and WEISS contend that the Third-Party Complaint as asserted against them must be dismissed in its entirety and with prejudice. This case is a very simple one, which the FASOLINO Entities are trying to muddy up. They are indebted to plaintiffs based on the documents attached to the Jacobs Certification. The Third-Party action initiated by the FASOLINO Entities against HTW and WEISS is a subterfuge to try and have HTW and WEISS assist them in satisfying the judgment entered against them.

## LITIGATION HISTORY

Plaintiff filed his Verified Complaint against the FASOLINO Entities in this Court on February 14, 2013. A copy of the Complaint, without exhibits, is attached to the Jacobs Certification as Exhibit "K". The plaintiffs are FASOLINO's lenders. Counts One and Two allege RICO violations. Counts Three and Four find their basis in fraud. Counts Five, Six and Seven are based in contract. Count Eight alleges conversion. The final Count Nine makes claims based in unjust enrichment. At their core, what all of the allegations share is the common theme that FASOLINO never had any intention to repay the funds, fraudulently misrepresented his assets as the means to the end of securing the financing, and used the funds for purposes other than that which he represented. An Answer to the Complaint, Counterclaims against plaintiff and a Third-Party Complaint were all grouped together and filed on March 20, 2003. Copies of these pleadings are attached to the Jacobs Certification as Exhibit "L". Contrary to the allegations in the Third-Party Complaint, in their response to paragraph "27" of plaintiff's Complaint, defendants and Third-Party Plaintiffs admit that they were introduced to CIP by David Fresne of Endeavor Group, LLC., and not by HFW. FASOLINO also affirmatively alleges same in paragraph "1" of their Counterclaims.

Only the first and second causes of action in the Third-Party Complaint are directly asserted against HTW and WEISS. The thrust of the claim is that WEISS had a conflict of interest in representing FASOLINO and because of that, they seek judgment against WEISS for compensatory damages, interest, disgorgement of fees, attorneys' fees and costs of suit.[1] To the extent that the fifth cause of action can be interpreted to make claims of civil conspiracy against HTW and WEISS, based on the law to be cited in ensuing portions of this Memorandum, should be dismissed as a matter of law. These pleadings were served in accordance with the Court's scheduling Order dated March 13, 2013. A copy of this Order is attached to the Jacobs Certification as Exhibit "N".

Co-third-party defendants, MOORE, CIP and SUNFLOWER, LLC. (this group constitutes FASOLINO's lenders) moved to dismiss the Third-Party Complaint as asserted against them pursuant to Rule 12(b)(6) and 12(e), filed on May 6, 2013. A copy of the notice of motion and supporting Memorandum of Law are attached to the Jacobs Certification as Exhibit "N".

Noting that a party has 21 days after service of a motion under Rule 12(b) to amend the relevant Complaint once as a matter of course, this Court issued an Order filed on May 9, 2013 directing Third-Party Plaintiffs to file any Amended Complaint by May 27, 2013. The Order explicitly noted that Third-Party Plaintiffs would have no further opportunity to amend the Third-Party Complaint. A copy of the Court's May 9, 2013 Order is attached to the Jacobs Certification as Exhibit "O". If no Amended Complaint was filed, the May 9, 2013 Order set a briefing schedule for the pending Rule 12 motion.

---

[1] To the extent that the first cause of action alleges that the conduct of WEISS was both negligent and a breach of express and implied contracts to provide representation in accordance with accepted standards of practice, the law to be cited in this Memo will demonstrate that all claims are subject to dismissal pursuant to Rule 12 and Rule 14.

The Amended Answer, Counterclaim and Third-Party Complaint were filed on May 27, 2013. A copy of these pleadings is attached to the Jacobs Certification as Exhibit "P". The theories as against HTW and WEISS remained the same. The only notable exception was that the Amended Third-Party Complaint has an Eighth Cause of Action, at best, alleging that HTW and WEISS participated in a civil conspiracy. In response, Third-Party Defendants MOORE, CIP and SUNFLOWER CAPITAL renewed their Rule 12(b)(6) and Rule 12(e) motion to dismiss. A copy of the renewed notice of motion and supporting Memorandum of Law is attached to the Jacobs Certification as Exhibit "Q".

After the renewed motions to dismiss were filed on June 3, 2013, this Court issued an Order on June 6, 2013, directing that the May 6, 2013 motions be dismissed as moot, and setting a briefing schedule for the renewed motions. A copy of this Order is attached to the Jacobs Certification as Exhibit "R". On June 14, 2013, co-Third-Party Defendants, MOORE, CIP, and SUNFLOWER CAPITAL filed a supplemental Memorandum of Law in further support of their Rule 12(b)(6) and Rule 12(e) motion. A copy of this pleading is attached to the Jacobs Certification as Exhibit "S".

On June 19, 2013, a Stipulation was filed extending the time of HTW and WEISS to make any motion as against the Third-Party Complaint until July 12, 2013. A copy of this "So Ordered" Stipulation is attached to the Jacobs Certification as Exhibit "T". The briefing schedule for the MOORE, CIP and SUNFLOWER motion was modified to extend the time of Third-Party Plaintiffs to respond to the pending motion until July 12, 2013. Third-Party Defendants' replies were now due on July 22, 2013. A copy of counsel's June 24, 2013 letter to the Court in a ECF notification that the application was granted are attached collectively to the Jacobs Certification as Exhibit "M".

## THE HTW AND WEISS MOTION

HTW and WEISS move, pursuant to Rule 12(b)(6) and Rule 14 to dismiss the Third-Party Complaint as asserted against them. Based upon the law to be cited, it is respectfully submitted that their motion should be granted in its entirety.

## LEGAL ARGUMENT

## POINT I

## THE THIRD-PARTY COMPLAINT FAILS TO COMPLY WITH RULE 14 AND MUST BE DISMISSED

Third-Party practice, or impleader, in the Federal Court is governed by Rule 14 of the Federal Rules of Civil Procedure. Defendant may, as of right within ten days of serving an answer to the complaint or thereafter by leave of court, file a third-party complaint and implead "a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff. Fed.R.Civ.P.14(a). The party brought into the case becomes the third-party defendant and may assert any defenses available under Fed.R.Civ.P.12 as against the third-party plaintiff or the original plaintiff.

To bring a third-party action, the defendant/third-party plaintiff must plead that if it is liable to the plaintiff on the underlying claim, the third-party defendant is liable to it. Gabriel Capital, L.P. v. NatWest Fin., Inc., 137 F.Supp.2d 251 (S.D.N.Y. 2000). See, also Unilease Computer Corp. v. Major Computer, Inc., 126 F.R.D. 490 (S.D.N.Y. 1989) (Third-party practice is permitted . . . only where the defendant can show that if he is found liable to the plaintiff then the third-party defendant will be liable to him.) The third-party defendant's potential liability is derivative or secondary to that of the third-party plaintiff in the original action. See, Gabriel Capital, supra. The third-party defendant's liability must "be dependent upon the outcome of the

main claim and "potentially secondarily liable as a contributor to the defendant." Leventhal & Company v. Joyner Wholesale Company, 736 F.2d 29 (2d Cir. 1984).

Stated another way

> In order for a defendant to initiate a impleader claim, the claim must (1) allege liability of the impleaded party to the defendant; and (2) allege liability that is derivative of the defendant's liability to the plaintiff. For example, if a plaintiff sues one of multiple tortfeasors, the defendant may not implead any of the other potential defendants merely on ground that plaintiff could have sued them. Instead, the defendant may implead only on the basis of the defendant's claim against the party to be impleaded that is derivative of the plaintiff's claim, such as a right of indemnity or contribution. See, 3 Moore's Federal Practice, §14.04.

The rules for impleader are concisely set forth in 3 Moore's Federal Practice, §14.52(3). This section is entitled "Impleader Must be Based on Derivative Liability," and states

> Although the impleader rule is liberally construed to avoid duplicative litigation and refers to the term claim, which is defined transactionally in the Federal Rules, the test for joinder of a third-party under the impleader rule is the same transactional test as for compulsory counterclaims and cross-claims, which are appropriate only if they arise from the same "transaction or occurrence' as the underlying suit. Impleader is a narrower test because impleader must be based on the transference to the third-party of all or part of the liability against the defendant; in other words, it must be an assertion of the third-party defendant's derivative liability to the third-party plaintiff. Impleader claims may not be used to assert any and all rights to recovery arising from the same transaction or occurrence as the underlying action.

The Amended Third-Party Complaint, insofar as it asserts claims against HTW and WEISS, fails as a matter of law, and must be dismissed. There are no allegations in any of the causes of action asserted against HTW and WEISS that their liability is derivative of third-party plaintiff's liability to plaintiff. To the contrary, FASOLINO's liability to the plaintiff is based upon his confession of judgment. Moreover, HTW's and WEISS's liability cannot be derivative

of the RICO claims, fraud claims, contract claims, conversion and unjust enrichment claims that

plaintiffs have asserted against the FASOLINO entities.

However, if this Court elects to go beyond this analysis, for the reasons to follow, and

based on the law to be cited, HTW's and WEISS's request for dismissal of the complaint under

Rule 12(b)(6) must be granted.

## POINT II

## RULE 12(b)(6) REQUIRES THAT HTW'S AND WEISS'S MOTION TO DISMISS BE GRANTED.

When considering a motion to dismiss made pursuant to Fed.R.Civ.P.12(b)(6), "the Court

is to accept as true all facts alleged in the complaint" and "draw all reasonable inferences in

favor of the plaintiff." Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229 (2d Cir. 2007). But

"thread bare recitals of the elements of the cause of action, supported by mere conclusory

statements, do not suffice . . .. While legal conclusions can provide the framework of a

complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S.662

(2009). To avoid dismissal, the complaint must contain "enough facts to state a claim to relief

that is plausible on its face," i.e. facts that "nudge the plaintiff's claims across the line from

conceivable to plausible. . . " Bell Atl. Corp. v. Twombly, 550 U.S.544 (2007).

In Ashcroft v. Iqbal, 556 U.S.662 (2009), the Supreme Court concisely stated the rules

which apply to the determination of HDW and WEISS's instant motion. In relevant part, the

Court stated

> To survive a motion to dismiss, a complaint must contain sufficient
> factual matter, accepted as true, to "state a claim to relief that is
> plausible on its face." (Internal citations omitted.) A claim has
> facial plausibility when the plaintiff pleads factual content that
> allows the Court to draw the reasonable inference that the
> defendant is liable for the misconduct alleged. (Internal citations
> omitted.) The plausibility standard is not akin to a "probability

requirement" but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." (Internal citations omitted.)

Two working principles underlie our decision in <u>Twombly</u>. First, the tenet that a Court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Thread bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. (Internal citations omitted.) Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation." (Internal citations omitted.) Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. (Internal citations omitted.) Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. (Internal citations omitted.) But where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not "shown" . . . that the pleader is entitled to relief. (Internal citations omitted.)

In <u>Decker v. Nagel Rice, LLC</u>, 2010 WL234 6608 (S.D.N.Y. 2010), the Court plainly stated that a cause of action for legal malpractice poses a question of law which can be determined on a motion to dismiss.

Based on the foregoing standards, the third-party complaint to the extent that it seeks to assert claims against HTW and WEISS, fails miserably, and should be dismissed. The reasons why follow.

## POINT III

### AS A MATTER OF LAW, THIRD-PARTY PLAINTIFFS CANNOT MAKE OUT A PRIMA FACIE CASE OF MALPRACTICE

Decker, cited above, provides the authority to consider a motion to dismiss a legal malpractice claim under the rubric of Rule 12(b)(6), and stated that "a claim is factually plausible when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." The subject third-party complaint does not permit this Court to do so.

In Joseph Delgreco & Company, Inc. v. DLA Piper LLP, (U.S.) 889 F.Supp.2d 268 (S.D.N.Y., 2012), the Court set forth the rules which govern the consideration of a Rule 12(b)(6) motion in the context of a legal malpractice case. The Court stated:

> "To establish a claim of legal malpractice under New York law, a plaintiff must establish: (1) attorney negligence; (2) which is the proximate cause of a loss; and (3) actual damages. (Internal citations omitted.) . . . Each element must be established for a claim to succeed. . . . (Internal citations omitted.)
>
> As to the causation element, the Second Circuit has explained that "to establish proximate cause, 'a client must meet a case within a case requirement,' and must demonstrate that a reasonable fact-finder could conclude that a 'reasonable fact-finder in the underlying suit would have arrived at a different result but for the attorney's negligence.' . . . See, also D'Jamoos v. Griffith, 340 Fed.Appx.737 (2d Cir. 2009) ("A plaintiff must show that but for the defendant's negligence, . . . he would have prevailed in the underlying action or would not have sustained any damages. 'To establish proximate cause, the plaintiff must demonstrate that 'but for' the attorney's negligence, the plaintiff would have prevailed in the matter in question.'
>
> As noted, the final element of a malpractice claim is damages: A plaintiff must demonstrate that he 'suffered actual and ascertainable damages.' (Internal citations omitted.)"

Even giving the third-party pleadings a most liberal reading, third-party plaintiffs cannot satisfy the elements of the legal malpractice case against HTW and WEISS. They cannot satisfy the "but for" element of causation. In this case, the only reason why FASOLINO and his entities

have sustained damages is because they defaulted on their loans, and because they executed a confession of judgment. There is nothing that HTW and WEISS did or failed to do which caused the FASOLINO entities any actual or ascertainable damages. Those damages were sustained because the FASOLINO entities defaulted on loans, and because of that, there is a judgment against them in New York and New Jersey in the amount of the defaulted loans, plus interest. See Exhibits I and J to the Jacobs Certification. That fact has absolutely nothing to do with HTW or WEISS.

## POINT IV

### ABSENT THE ELEMENTS OF ATTORNEY NEGLIGENCE, CAUSATION AND ACTUAL DAMAGES, A PURPORTED CONFLICT OF INTEREST IS INSUFFICIENT TO ESTABLISH A CLAIM FOR LEGAL MALPRACTICE

In <u>Stonewell Corp. v. Conestoga Title Ins. Co.</u>, 679 F.Sup. 2d 203 (S.D.N.Y. 2010) the Court stated that:

> "A conflict of interest, even if a violation of the Code of Professional Responsibility, does not by itself support a legal malpractice cause of action". (internal citations omitted.) Even if a potential conflict of interest existed, Stonewell[2] still must establish that such a conflict caused an actual injury". (internal citations omitted.)

See, also, <u>Trautenberg v. Paul, Weiss, Rifkind, Wharton & Garrison, LLP.</u>, 629 F.Sup. 2d 259 (2nd Dept. 2002).

The First Cause of Action of the Third-Party Complaint alleges multiple iterations of a conflict of interest, but fails to allege how the alleged conflict caused harm. There is a simple explanation why they cannot make that allegation, and that is because the only reason that the

---

[2] Stonewell brought the claim of legal malpractice against the defendants' lawyer who moved for summary judgment dismissing the complaint against them.

FASOLINO Entities suffered damages is because they defaulted on the loans. Everything else are transparent allegations whose sole purpose is to distract the Court.

**POINT V**

**TO THE EXTENT THAT THE THIRD-PARTY ACTION ALLEGES BREACH OF CONTRACT AGAINST HTW AND WEISS, IT MUST BE DISMISSED**

In paragraph "10" of the Amended Third-Party Complaint, Third-Party Plaintiff alleges:

> The conduct of WEISS as set forth hereinabove by way of illustration, and not by way of limitation, was both negligent and a breach of express and implied contracts with Fasolino and the Fasolino Entities to provide appropriate, diligent, competent, and efficient legal services in accordance with accepted standards of attorney practice.

Based on the law to follow, any claim based on breach of contract must be dismissed. There are several reasons for dismissal.

First, the breach of contract cause of action is duplicative and redundant of the legal malpractice claims and is subject to dismissal. It is well-settled that causes of action that do not fit a cognizable legal theory or are duplicative of another cause of action already asserted in the Complaint cannot be maintained. See, Empire One Telecommunications, Inc. v. Verizon New York, Inc., 888 N.Y.S.2d 714 (N.Y. Sup. 2009) (citing Leon v. Martinez, 84 N.Y.2d 83 (1994); Pier 59 Studios, LP v. Chelsea Piers, L.P., 27 A.D.3d 217 (1st Dept. 2006).

It has been routinely held that breach of contract causes of action based on the same facts and seeking the identical relief sought in a malpractice cause of action are redundant, and as such, should be dismissed. See, Weil Gotshal & Manges, LLP v. Fashion of Short Hills, Inc., 10 A.D.3d 267 (1st Dept. 2004); Murray Hill Inves. v. Parker Chapin Flattau & Klimpl, LLP,, 305 A.D.2d 228 (1st Dept. 2003); see, also, Waggoner v. Caruso, 14 N.Y.3d 874 (2010).

Second, to the extent that the breach of contract claims against HTW and WEISS are predicated upon a purported breach of the retainer agreement, they must be dismissed. "A breach of contract claim against an attorney based on a retainer agreement may be sustained only **where the attorney makes an express promise in the agreement to obtain a specific result and fails to do so.** (emphasis added.) Pacesetter Communications Corp. v. Solin & Breindel, 150 A.D.232 (1st Dept. 1989). In Pacesetter Communications Corp., the First Department dismissed the breach of contract cause of action based on a retainer agreement because there was no express promise to achieve a certain result.

A review of paragraph "2" of the HTW retainer agreement (Exhibit "A" to the Jacobs Certification) makes no specific promise as to outcome. Notably, HTW and WEISS did precisely what they were engaged to do.

For these reasons, to the extent that FASOLINO's claims against HTW and WEISS are predicated upon a breach of contract, they must be dismissed.

## POINT VI

### TO THE EXTENT THAT THE THIRD-PARTY ACTION AGAINST HTW AND WEISS IS PREDICATED UPON A CLAIM OF CIVIL CONSPIRACY, THOSE CLAIMS MUST BE DISMISSED BECAUSE NEW YORK DOES NOT RECOGNIZE THE TORT OF CIVIL CONSPIRACY

In paragraph "50" of the Eighth Count of the Amended Third-Party Complaint, which Count seeks judgment as a matter of law declaring the loan transaction to be void, allegations are made which could possibly be described as based in civil conspiracy. Paragraph "50" alleges:

> Any and all damages suffered by CIP and Grover are as a result of their own actions working in concert with Tripoint and/or Steven Weiss and/or the Hunter, Taubman, Weiss law firm.

Even after allowing the pleading the most liberal reading and affording it every favorable inference, any claim predicated upon a theory of civil conspiracy must be dismissed because it is

well-settled that New York does not recognize an independent civil tort of conspiracy. Hoeffner v. Ornick, Herrington & Sutcliffe, LLP, 85 A.D.3d 457 (1st Dept. 2010); Robinson v. Day, 103 A.D.3d 584 (1st Dept. 2013); Aprea v. New York State Board of Elections, 103 A.D.3d 1059 (3rd Dept. 2013).

**POINT VII**

**SINCE THE CLAIMS AGAINST HTW AND WEISS ARE ALLEGED TO ARISE OUT OF THE LOAN DOCUMENTS AND SINCE PLAINTIFF HAS CONFESSED JUDGMENT BASED ON DEFAULT IN PAYMENT, THE CONFESSION OF JUDGMENT ACTS AS A *RES JUDICATA* BAR TO THE THIRD-PARTY ACTION AS ASSERTED AGAINST HTW AND WEISS**

HTW's scope of engagement was limited to using their best efforts to introduce their client to sources of financing, and to review the loan documents. As a result, if there are any claims that can be asserted by the FASOLINO Entities against HTW and WEISS, they must arise out of this limited scope of engagement. It follows that any claims against HTW and WEISS must arise out of the loan transactions, and be derivative of any liability that FASOLINO has to TRIPOINT. In addition to the reasons for dismissal of the claims in the Third-Party Action as asserted against HTW and WEISS set forth in earlier portions of this Memo, because FASOLINO confessed judgment in connection with his default, that judgment acts as a *res judicata* bar to the assertion of any claims against HTW and WEISS.

In Amalgamated Sugar Co., LLC. v. NL Ind., Inc., 825 F.2d 634 (2nd Cir. 1987), the Court stated:

> The general rule is that a final consent decree is entitled to *res judicata* effect. (internal citations omitted.) This is so because the entry of a consent judgment is an exercise of judicial power (internal citations omitted), that is entitled to a appropriate respect and because of the policy favoring finality of judgments.

In <u>Hoffenberg v. Hoffman & Pollack</u>, 288 F.Sup. 2d 257 (S.D.N.Y. 2003), the Court

stated:

> Under the doctrine of *res judicata* a final judgment on the merits of
> an action rendered by a Court of competent jurisdiction "precludes
> the parties . . . . from relitigating issues that were or could have
> been raised in that action (internal citations omitted.)
>
> Consent judgments are accorded *res judicata* effect as they are
> exercises of judicial power. (internal citations omitted.) Thus, the
> Consent Judgment is entitled to *res judicata* preclusive effect, as it
> has been held to be a final judgment and was rendered by a Court
> of competent jurisdiction.

Continuing, later in the opinion, the <u>Hoffenberg</u> Court stated:

> *Res judicata* bars "all other claims arising out of the same
> transaction or series of transactions . . . even if based upon
> different theories or if seeking a different remedy. (internal
> citations omitted.)

In <u>Gianatasio v. D'Agostino</u>, 862 F.Sup.2d 843 (S.D.N.Y. 2012), the Court unequivocally

stated that the Full Faith and Credit Clause of the United States Constitution, Art. IV, Section 1

and the Federal Full Faith and Credit Statute, 28 U.S.C. §1783, mandate that Federal Courts give

preclusive effect to judgments on the merits from State Court. The <u>Gianatasio</u> Court stated:

> "The Full Faith and Credit Clause of the United States Constitution
> Art. IV, §1, and the Federal Full Faith and Credit Statute, 28
> U.S.C. §1783, mandate that Federal Courts give preclusive effect
> to judgments on the merits from State Court. The preclusion law
> of the State in which the judgment was rendered . . . governs the
> Federal Court's determination of the preclusive effect of the State
> Court decision. (internal citations omitted.) In New York "once a
> claim is brought to a final conclusion, all other claims arising out
> of the same transaction or series of transactions are barred, even if
> based upon different theories or if seeking a different remedy.
> (internal citation omitted.)

Applying these principles to the case at bar, all claims arising out of the loan transaction are barred. As a result, since the claims against HTW and WEISS arise out of the loan transactions, they too, are barred.

The Consent Judgment resolved all claims that the lenders can make against FASOLINO in connection with the loans. If this Court is to give the respect to Consent Judgments that Amalgamated, Hoffenberg, and Gianatasio require, then the claims against HTW and WEISS as asserted against them in the Third-Party Complaint, since they arise out of the loan transactions, must be dismissed because of the *res judicata* effect of the Consent Judgment. Tellingly, Third-Party Plaintiffs never alleged that "but for" the representation by HTW and WEISS, they would not have proceeded with the transaction.

For all of these reasons, it is respectfully submitted that the motion of HTW and WEISS should be granted in its entirety.

<u>CONCLUSION</u>

Based on the exhibits attached to the Jacobs Certification and the law set forth in this Memorandum, it is respectfully submitted that this Court should grant HTW and WEISS's motion in its entirety, and enter an Order dismissing with prejudice the Third-Party Complaint as asserted against it, together with such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      July 8, 2013

                        RESPECTFULLY SUBMITTED,
                        ABRAMS, GORELICK, FRIEDMAN &
                        JACOBSON, LLP
                        Attorneys for Third-Party Defendants
                        Hunter, Taubman & Weiss and Steven Weiss, Esq.

By: _____

Barry Jacobs (0216)
One Battery Park Plaza -4[th] Floor
New York, New York  10004
(212) 422-1200